**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
# ENTRY REGARDING MOTION
======================================================================

**In re Fowler NOV**                                                    **Docket No. 159-10-11 Vtec**
**(Appeal of DRB decision upholding a NOV)**

Title: Motion to Strike (Filing No. 2)

Filed: March 19, 2012

Filed by: Appellant James Fowler

Response filed on 4/5/12 by 18 Interested Persons

___ Granted                    _X_ Denied                    ___ Other

Pending before the Court is James Fowler's ("Appellant") motion to strike all or part of an affidavit submitted by Richard Ross, an interested person in this matter. The affidavit was submitted by Mr. Ross in conjunction with a collective response submitted by eighteen interested persons who oppose a separate motion for partial summary judgment filed by Appellant. Appellant's motion for partial summary judgment, which seeks dismissal of twelve interested persons from this appeal, is addressed in a separate Decision also issued today.

In his motion to strike, Appellant asks the Court to strike all or part of Mr. Ross's affidavit, arguing that it includes inadmissible expert testimony because it reports a noise level that Mr. Ross claims to have measured on his property using a sound meter that he purchased at an electronics store.

Our procedural rules allow for a liberalization of the evidentiary rules. See V.R.E.C.P. 2(e) ("[E]vidence, not privileged, that is not admissible under the Rules of Evidence may be admitted in the discretion of the court, if it is of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs."). We do not believe it improper for a property owner to offer her own observations, including those from a retail consumer sound meter, when attempting to show her concerns about a proposed development. We believe that a "reasonably prudent person" would rely upon the readings from a retail consumer sound meter to determine whether her concerns about nearby motocross riding are reasonable. Id. We do not understand Mr. Ross's inclusion of the noise level that the sound meter registered to be expert testimony that makes his affidavit inadmissible.

For the purposes of ruling on Appellant's pending partial summary judgment motion to dismiss Mr. Ross and other interested persons from this appeal, we have read the assertions in Mr. Ross's affidavit in their totality and treated them as sworn statements of a non-expert. Consequently, we **DENY** Appellant's motion to strike.

With this Entry Order we also request that the Town submit to the Court a certified copy of the Town of Richford Zoning Bylaws applicable to the NOV at issue in this appeal.

_____          _____August 8, 2012_____
              Thomas S. Durkin, Judge                              Date

=======================================================================

Date copies sent to: _____                          Clerk's Initials _____

Copies sent to:

Annie Dwight, Attorney for Appellant James Fowler

Gerald R. Tarrant, Attorney for Interested Persons Kathleen Ross, Richard Ross, John Bridgman, Norris Kyle, Helen Kyle, Sally Bochner, Lilias-Mary Paddon, Brian Bonk, Jeffrey Goyne, Charlotte Rosshandler, Kitten Ellison, Luke Parsons, Jay Bochner, Pen Bridgman, Brian Farrar, Alison Osborne, John Osborne, and Robert Fretz

Michael S. Gawne, Attorney for Town of Richford

Interested Person Charles Hotchkin, pro se